**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RALEIGH FLINT,

       Petitioner,

v.                                                    Case No. 8:13-cv-3107-T-33AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

       Respondent.
_____/

## ORDER

      Petitioner Raleigh Flint, a state of Florida inmate proceeding *pro se*, initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1).  He challenges his convictions entered by the Circuit Court for the Tenth Judicial Circuit, Polk County, Florida.  Respondent filed a response (Doc. 8), and Flint filed a reply (Doc. 11).  Respondent then filed a supplemental response (Doc. 15).  Upon review, Flint's petition must be dismissed as time-barred.

## PROCEDURAL HISTORY

      Flint was charged with fleeing or attempting to elude (high speed) (count one); fleeing or attempting to elude (count two); driving while license suspended or revoked (count three); possession of cocaine (count four); resisting an officer with violence (count five); battery on a law enforcement officer (count six); and criminal mischief (count seven). (Doc. 17, Ex. 1.)  In 2006, a jury convicted Flint as charged on counts one, two, three, four, and six.  (Doc. 17, Ex. 2, p. 101.)  He was convicted of lesser-included offenses on counts

five and seven.  (Id.)  On count one, Flint was sentenced to fifteen years in prison as a habitual felony offender.  (Id., pp. 104, 107.)   He received concurrent sentences of five years in prison on counts two, four, and six, and was designated a prison releasee reoffender ("PRR") with regard to count six.  (Id., pp. 105-08.)  Flint was sentenced to time served on counts three, five, and seven.  (Id., p. 109.)

The state appellate court *per curiam* affirmed Flint's convictions and sentences.  (Doc. 17, Exs. 3, 4.) Flint's motion for rehearing was denied.  (Doc. 17, Ex. 4.)  Flint filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, which the state court denied.  (Doc. 17, Exs. 5, 6.)  The state appellate court *per curiam* affirmed the order of denial.  (Doc. 17, Ex. 7.)  Flint's  subsequent state habeas petition was denied by the state appellate court.   (Doc. 17, Exs. 10, 11, 12.)   His motion for rehearing and rehearing en banc was dismissed as untimely.  (Doc. 17, Ex. 13.)

Flint then filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a), alleging in relevant part that he did not qualify as a PRR on count six.  (Doc. 17, Ex. 15.)  The state trial court agreed, determining that the PRR designation on count six was erroneous.  (Doc. 17, Ex. 18.)[1]  The state court record reflects that in 2011, Flint's previous sentence on count six was set aside, and he was resentenced on count six to five years without the PRR classification.  (Exs. 19, 20.)  Flint did not appeal the sentence imposed upon resentencing.  Flint did, however, file another state habeas petition. (Doc. 17, Ex. 21.)  The state appellate court denied his petition.  (Doc. 17, Ex. 22.) Flint's motion for rehearing was also denied.  (Doc. 17, Ex. 23.)  Finally, Flint filed a motion

---

[1] The state court denied the other claims raised in Flint's motion to correct illegal sentence.  (Doc. 17, Exs. 16, 18.)

to correct or clarify jail credit under Florida Rule of Criminal Procedure 3.800.  (Doc. 17, Ex. 25.)  The state court denied this motion.  (Doc. 17, Ex. 26.)  Flint did not appeal the denial.

### TIMELINESS OF FLINT'S FEDERAL HABEAS PETITION

#### I. TIMELINESS UNDER 28 U.S.C. §2244(d)

##### A.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year period of limitation for filing a § 2254 federal habeas petition.  This one-year period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. . . ." 28 U.S.C. § 2244(d)(2).

"AEDPA's statute of limitations runs from the date the judgment pursuant to which the petitioner is in custody becomes final, which is the date both the conviction *and* sentence the petitioner is serving become final." *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1288 (11th Cir. 2007).  In its supplemental response, Respondent asserts that Petitioner is not in custody on count six, for which he was resentenced in 2011, because the sentence on that count expired by the time Flint filed his federal habeas petition on December 4, 2013.  Respondent contends that Flint is in custody on the conviction and fifteen-year sentence on count one imposed in 2006.  Therefore, Respondent contends that the date Flint's judgment became final was December 11, 2007, when the time to file a petition for a writ of certiorari in the United States Supreme Court expired following the state appellate court's September 12, 2007 affirmance of Flint's 2006 conviction and sentence.

Even assuming, however, that Flint's April 4, 2011 resentencing on count six is the date from which the one-year limitations period is calculated, Flint's petition is untimely under § 2244(d)(1)(A). Because Flint did not appeal his April 4, 2011 sentence, his judgment became final thirty days later, on May 4, 2011. *See Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002) (where petitioner did not seek direct review of his conviction, judgment became "final" for purposes of § 2244 on the date his right to appeal expired); *Booth v. State*, 14 So.3d 291, 292 (Fla. 1st DCA 2009) ("Appellant did not appeal his judgment and sentence. Thus, his judgment and sentence became final 30 days later when the time for filing an appeal passed.").

After Flint's judgment became final, 19 days of un-tolled time passed before he filed his state habeas petition on May 23, 2011. (Ex. 21.) The petition was denied on June 14, 2011, and Flint's motion for rehearing was denied on August 1, 2011. (Doc. 17, Exs. 22, 23.)[2] Another 541 days, for a total of 560 days of un-tolled time, passed before Flint filed a motion to correct or clarify jail credit on January 23, 2013. (Doc. 17, Ex. 25.) Accordingly, by the time Flint filed his federal habeas petition on December 4, 2013, over one year of un-tolled time had passed. Flint's petition is therefore untimely under § 2244(d)(1)(A).

### B.

In his reply, Flint states that his petition is timely pursuant to 28 U.S.C. § 2244(d)(1)(B), under which the limitations period runs from "the date on which the

---

[2] Respondent questions whether the state habeas petition was a tolling application under § 2244(d)(2). Respondent asserts that it would have been untimely because it challenged actions of counsel with regard to Flint's appellate proceedings in 2006 and 2007. Even assuming, without deciding, that this petition tolled the limitations period, Flint's federal habeas petition is still untimely under § 2244(d)(1)(A).

impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."   In other words, "in the event of illegal state action preventing the petitioner from filing, the limitation period does not begin until after the state impediment is removed." *Wyzykowski v. Dep't of Corr.*, 226 F.3d 1213, 1216 (11th Cir. 2000).  Flint claims that he "has been delayed from filing his petition by the actions of the State of Florida, Department of Corrections staff impeding the Petitioner from filing." (Doc. 11, p. 1.)

Preliminarily, Flint does not identify with specificity the precise actions attributable to the State, when these actions occurred, or how they impeded his ability to timely file his federal habeas petition.  Additionally, he provides no precise date upon which he believes the one-year period began running under § 2244(d)(1)(B).  Flint's generalized assertion is insufficient to establish that § 2244(d)(1)(B) applies to determine the start of his one-year limitation period.

It appears that Flint intends to refer to an alleged confiscation of his legal papers by Department of Corrections personnel.  He claims that while the papers were in the possession of a prison law clerk, they were confiscated during a "random shakedown" on August 31, 2012, and not returned until December 2012.[3]  But Flint does not demonstrate the applicability of § 2244(d)(1)(B) under these circumstances.  He fails to establish State action that violated the laws or Constitution of the United States.

Furthermore, Flint does not show that he was prevented from timely filing his habeas petition by this alleged impediment.  By the time his papers were allegedly taken on August

---

[3] In making a general reference to § 2244(d)(1)(B) in his reply, Flint cites to page 28 of his habeas petition, where he addresses these events and dates.  (Doc. 11, p. 1.)

31, 2012, his federal limitations period had expired, even assuming that he had from the date his judgment became final upon resentencing in 2011 to timely file his petition.  Flint's judgment upon resentencing became final on May 4, 2011.  Nineteen days of un-tolled time passed until May 23, 2011, when he filed his state habeas petition.  This proceeding concluded when the state appellate court denied Flint's motion for rehearing on August 1, 2011.  At that time, 346 days of Flint's one-year limitation period remained.  The deadline for filing a federal habeas petition was July 12, 2012.

Thus, Flint cannot show that this alleged confiscation of his legal materials by Department of Corrections personnel from August 31, 2012 to December 2012 prevented him from completing and filing a timely federal habeas petition.  Flint had ample time to file his federal habeas petition when the alleged impediment did not exist.   Accordingly, because Flint fails to show that any State-created impediment prevented him from timely filing his federal habeas petition, he does not demonstrate that § 2244(d)(1)(B) applies to determine the date upon which his limitations period began.

## II. EQUITABLE TOLLING

Flint argues that the Court should consider his petition timely through equitable tolling.  The one-year limitation period set forth in § 2244(d) "is subject to equitable tolling in appropriate cases."  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  Equitable tolling is appropriate when a petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Equitable tolling "is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'"  *Cadet v. Fla. Dep't of Corr.*, 742 F.3d 473,

477 (11th Cir. 2014) (quoting *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009)).  The petitioner bears the burden of establishing the applicability of equitable tolling by making specific allegations.  *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014).

"The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citation and quotation marks omitted).  Determining whether a circumstance is extraordinary "depends not on 'how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period.'" *Cole*, 768 F.3d at 1158 (quoting *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008)).  A petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011).

Flint asserts that he was prevented from timely filing his federal habeas petition due to several concerns stemming from his representation by counsel.  Counsel was appointed to represent Flint at his 2011 resentencing hearing.  (Doc. 17, Ex. 18.)  It appears that Flint's family then retained this attorney to represent Flint from approximately May 2011, until April 2, 2012.  (Doc. 1-1, pp. 2-3, 11.)  Flint now claims that because of his attorney's "lack of due diligence and competence" during the time "from May 13, 2011 until April 2, 2012, it is evident that when he was hired as [Flint's] representative and did not file anything to toll the time, or obtain relief." (Doc. 1, p. 27.)  Additionally, Flint claims that he mailed counsel the only copy of his "legal documents," and that he was "left with nothing to pursue or research until August 12, 2012," when, he appears to allege, counsel returned

his documents to him.  (Id.) Therefore, Flint argues, he is entitled to equitable tolling due to counsel's alleged deficiencies and delays and counsel's possession of his legal papers during the representation.

To the extent Flint's argument concerning counsel's alleged delays and failure to file tolling motions amounts to a claim of attorney negligence, Flint does not establish the existence of extraordinary circumstances.[4]  "[A]ttorney negligence, however gross or egregious, does not qualify as an 'extraordinary circumstance' for purposes of equitable tolling; abandonment of the attorney-client relationship . . . is required."  *Cadet*, 742 F.3d at 481.  Flint does not establish abandonment by counsel.  To the contrary, the attachments to Flint's federal habeas petition reflect that his retained counsel undertook determining whether grounds existed to file a postconviction motion in state court, and that counsel communicated with Flint during the representation.  (Doc. 1-1.)[5]  Counsel sent a letter to Flint indicating that counsel informed Flint he found no legal basis to file a postconviction motion.  (Doc. 1-1, pp. 10-11.)  Further, Flint fails to establish that a lack of access to his legal documents after he provided them to counsel constitutes an extraordinary circumstance.  *See Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004) ("*Akins* [*v. United States*, 204 F.3d 1086 (11th Cir. 2000)] suggests that . . . periods

---

[4] Flint does not allege or show in his federal habeas petition misconduct by counsel aside from negligence, such as bad faith, dishonesty, divided loyalty, or impairment, that may form the basis of an equitable tolling argument. *Thomas v. Att'y Gen., Fla.*, No. 13-14635, 2015 WL 4597532 at *7 (11th Cir. July 31, 2015).

[5] Flint subsequently filed a complaint against counsel with The Florida Bar.  The complaint reflects that Flint received three calls from counsel while he was in prison, and that counsel informed Flint after eight months that he could not file a postconviction motion in Flint's case.  (Doc. 1-1, pp. 14-15.)  Counsel's response to the Bar complaint indicates he worked to determine whether a basis existed to file a state postconviction motion.  (Doc. 1-1, p. 19.)  Flint does not assert that this statement is incorrect.

in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate.").

Nor does Flint demonstrate that he was diligently pursuing his rights but that his attorney's actions or possession of his legal papers prevented him from timely filing his federal habeas petition.  Although Flint blames his attorney's alleged delays, the retainer agreement reflects that counsel was only to work on a postconviction motion.  (Doc. 1-1, p. 3.)  Counsel's subsequent letter to Flint further provides that counsel was never retained to work on any federal pleadings, and that counsel never asked Flint to delay any filings in federal court.  (Doc. 1-1, p. 11.)[6]  Furthermore, Flint's allegation implies that he needed the legal documents he provided to counsel in order to file his petition.  However, Flint's federal habeas petition raises claims concerning his 2006 trial and the direct appeal therefrom.  Accordingly, Flint could have known of any claims relating to these proceedings long before he provided his paperwork to counsel at some point in 2011 or 2012.[7]  Flint does not allege or show that he could not present these claims in a timely habeas petition without the legal documents.

Additionally, Flint's supporting documentation reflects that he was aware that he faced a deadline for filing his federal habeas petition.  (Doc. 1-1, pp. 7, 8, 15.)  Despite this, Flint allowed the limitation period to expire.  He does not demonstrate that he diligently attempted to timely file his federal habeas petition but that extraordinary circumstances in

---

[6] Flint does not challenge the accuracy of these statements.

[7] Flint does not state with specificity when he gave his paperwork to counsel.  Nor does he state that he was unaware of the arguments raised in the federal habeas petition until counsel returned his paperwork.

the form of counsel's alleged delays or possession of Flint's legal documentation prevented him from doing so.

Flint further claims that equitable tolling is warranted because, as addressed in his argument in support of applying § 2244(d)(1)(B), his legal materials were allegedly confiscated by Department of Corrections personnel from August 31, 2012, until December 2012. But Flint cannot establish a causal link between the alleged confiscation of his legal papers on this date and his untimely filing. As addressed, even assuming the limitations period is calculated by the date his judgment upon resentencing in 2011 became final, the one-year limitation period expired prior to August 31, 2012.

Similarly, Flint asserts that he lost "all prior research" when he was transferred between prisons on April 23, requiring him "to start all over." (Doc. 1, p. 27.) Flint does not state which year he was transferred. Assuming his transfer was in 2013, again, Flint can show no connection between this occurrence and the untimely filing of his federal habeas petition because his one-year limitation period had already expired. Assuming Flint's transfer was prior to 2013, his vague assertion is insufficient to establish that equitable tolling is justified. A lack of access to a petitioner's legal materials generally does not constitute an extraordinary circumstance. *See Dodd*, 365 F.3d at 1283. And Flint makes no showing that he diligently pursued the timely filing of his habeas petition but that a loss of his research due to his transfer between prisons resulted in his inability to do so.

Accordingly, as Flint does not establish that equitable tolling is applicable, his petition must be dismissed as time-barred.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Flint has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).   Furthermore, because Flint is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

It is therefore

**ORDERED** that Flint's petition for writ of habeas corpus (Doc. 1) is **DISMISSED**. The Clerk is directed to enter judgment against Flint and close this case.

**ORDERED** in Tampa, Florida, on September 9, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Raleigh Flint
Counsel of Record